# EXHIBIT 1

**STATEMENT OF DECISION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS; ORDER IN THE MATTER ENTITLED SABANOVICH V. CARMAX AUTO SUPERSTORES CAL., LLC, STANISLAUS COUNTY SUPERIOR COURT, CASE NO. 2027406 (MAY 15, 2018)**

FILED
MAY 15 2018
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

| | |
|---|---|
| JOSHUA SABANOVIC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CARMAX AUTO SUPERSTORES CALIFORNIA, LLC et al., <br><br> Defendants. | Case No.: 2027406 <br><br> **Statement of Decision on Defendants CarMax Auto Superstores California, LLC., and CarMax Auto Superstores West Coast, INC.,'s Motion to Compel Arbitration and Stay Judicial Proceedings; ORDER** <br><br> Date: March 1, 2018 <br> Dept.: 23 |

Defendants CarMax Auto Superstores California, LLC., and CarMax Auto Superstores West Coast, Inc.,'s Motion to Compel Arbitration and Stay Judicial Proceedings came on regularly for hearing on March 1, 2018 in Department 23 of this court, Judge John D. Freeland presiding. Defendants/moving parties appeared through counsel Jack S. Sholkoff; Plaintiffs appeared through counsel Shannon Seibert. After hearing arguments of counsel, the Court took the matter under submission. The Court issued a Tentative Decision. Plaintiff then filed a Request for Statement of Decision. Defendants then filed their Objections And Response to Plaintiff's Request for Statement of Decision. The Court issued a Proposed Statement of Decision. Nothing was filed by either side in response to the Proposed Statement of Decision. The Court now issues its Statement of Decision to **GRANT** Defendants' motion (*Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 689.)

- 1 -
STATEMENT OF DECISION; ORDER

Ex. D, Pg. 10

In deciding a motion or petition to compel arbitration, the Court's inquiry is limited to two questions: (1) Is there a valid agreement to arbitrate and, if so, (2) does the agreement cover the dispute or claims at issue? If the answer to both of these questions is "yes," then a court must compel arbitration. (*Omar v. Ralphs Grocery Co.* (2004) 118 Cal.App.4th 955, 960.)

Regarding the former, Plaintiff contends that the Dispute Resolution Agreement (DRA) and the Dispute Resolution Rules and Procedures (DRRP), containing the binding arbitration and class-waivers on which Defendants rely, are invalid because the entity named in the DRA/DRRP is not among the entities named as defendants in this action, and because the employee signing the DRA/DRRP on behalf of Defendants did so only by printed name, rather than by a physical signature. To the contrary, the Court finds on the basis of the declarations of Hulcher and Ross, the declaration of Seibert re Surreply, along with Defendants' authorities and other documentary evidence, that Defendants are, in fact, "subsidiaries or affiliates" of the CarMax entity listed in the DRA/DRRP, and therefore are parties bound by it with sufficient standing to request specific performance of its terms. (See, Hulcher Dec., ¶¶ 4-6; Ross Dec., Exhs. A, B [DRA/DRRP, p. 7]; Seibert Dec re Surreply, Exh. D-F; *Iqbal v. Ziadeh* (2017) 10 Cal.App.5th 1, 9-10 [defining "affiliate" as subsidiary, parent, or sibling corporation related by shareholdings or other means of control].) As for the signature argument, it is not well-taken. As a matter of law, the absence of the enforcing party's actual signature is immaterial provided, as here, the enforcing party has either performed or tendered its performance. (Civ. Code § 3388; *Serafin v. Balco Props. Ltd., LLC* (2015) 235 Cal.App.4th 165, 177.) Furthermore, consent to a written contract may be implied by conduct. (*DeLeon v. Verizon Wireless, LLC* (2012) 207 Cal.App.4th 800, 812 [signature is not the only form of assent under contract law]; *Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 420 [acceptance of agreement to arbitrate may be implied-in-fact].) Plaintiff concedes his own knowledge of and signature on the DRA/DRRP, and does not dispute that Defendants tendered performance by requesting submission of this action to binding arbitration, which request Plaintiff rejected. Plaintiff's purported distinction of *Serafin, supra*, based on *Banner Entm't, Inc. v. Superior Court* (1998) 62 Cal.App.4th 34, omits that the case is inapposite as there was, in fact, no written agreement to arbitrate even considered. (*Banner Entm't, Inc., supra*, at pp. 360-361 [it is not the presence or absence of a signature which is dispositive; it is the presence or absence of evidence of an agreement to arbitrate which matters].)

Regarding whether the agreement covers the dispute or claims at issue, Defendants concede that the Plaintiff's individual Private Attorney General Act (PAGA) claims are not subject to binding arbitration as a matter of law. (*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 382 (hereafter *Iskanian*); *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665.) Defendants therefore only seek to compel non-PAGA claims and Plaintiff does not dispute that the DRA/DRRP purports to encompass these, including the provision that such claims shall not be arbitrated on a class or representative basis. Consequently, there is no dispute with respect to Plaintiff's causes of action falling within the ambit of the DRA/DRRP.

Plaintiff further argues unconscionability, a defense to enforcement of an arbitration agreement as with any contract. (Code Civ. Proc. § 1281; *Armendariz v. Found. Health Psychcare Servs., Inc. (2000) 24 Cal.4th 83* (hereafter *Armendariz*).) Plaintiff also argues illegality based on the "concerted action" provisions of the pre-emptive National Labor Relations Act (NLRA), placing sole reliance on *Morris v. Ernst & Young* (9th Cir. 2016) 834 F.3d 975, 979-980. However, not only are the decisions of the Ninth Circuit non-binding (*Irwin v. City of Hemet* (1994) 22 Cal.App.4th 507), the California Supreme Court held in *Iskanian, supra,* that the pro-arbitration policies in the Federal Arbitration Act do not conflict with the "concerted action" provisions of the NLRA, and therefore class waivers may be the subject of a contractual agreement, such as that contained in the DRA/DRRP. (*Iskanian, supra* at pp. 372-73.) Moreover, the United States Supreme Court granted a writ of certiorari in *Morris, supra,* consolidated it with two other cases, and heard oral argument on October 2, 2017, with final opinion presently pending. (*Morris v. Ernst & Young, LLP* (cert. granted 2017) ___ US ___, 137 S.Ct. 809.) In short, the DRA/DRRP is not void for illegality on the basis of its class-waiver provisions, at least at present under California law.

Regarding unconscionability, both "procedural" and "substantive" unconscionability must be present before a contract or term will be deemed unenforceable. Yet, both need not be present to the same degree. A "sliding scale" is applied so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required, and *vice versa*. (*Serafin v. Balco Props. Ltd., LLC* (2015) 235 Cal.App.4th 165,178; *Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 821; *Armendariz, supra*, 24 Cal.4th at p. 114.) The burden is on the party challenging the arbitration agreement to prove both procedural and

substantive unconscionability. (*Crippen v. Central Valley RV Outlet* (2004) 124 Cal.App.4th 1159, 1164–1165.)

Regarding procedural unconscionability, Plaintiff's showing is sufficient only to demonstrate that the DRA/DRRP is a contract of "adhesion." However, courts have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement. (*Serafin, supra* at p. 179; *Legatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105, 1127.) The cases uniformly agree that a compulsory pre-dispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis. (*Id.*; *Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 817–818 [such adhesion contracts are an "inevitable fact of life for all citizens—business[person], and consumer alike"]; *Guiliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal.App.4th 1276, 1292; *Sanchez v. CarMax* (2014) 224 Cal.App.4th 398 [the adhesive nature of the agreement is evidence of some degree of procedural unconscionability but, without more, it is minimal].) Accordingly, the Court finds that the adhesive nature of the DRA/DRRP supplies, at most, a minimal degree of unconscionability.

Regarding substantive unconscionability, Plaintiff's arguments may be generally grouped into three categories: inadequate discovery; lack of mutuality; and unfair cost burdens.

As for discovery, *Armendariz* recognized that one of the purposes of arbitration is to provide a simpler, informal and expeditious alternative to civil litigation, and that reasonable limits on discovery properly service that end. (*Armendariz, supra,* at p. 106 fn. 11; *Sanchez, supra*, at p. 404.) Here, the Court finds that Plaintiff's objections are either erroneous or do not demonstrate any significant impairment to a full and fair presentation of his case at arbitration. The Court makes this finding because any limits on discovery may be exceeded in the arbitrator's discretion using substantially similar discretion to that accorded under the Civil Discovery Act, because the arbitrator may resolve any disputes arising over discovery and because the arbitrator has the express power to compel witnesses and order further discovery. (Ross Dec., Exh. A, DRRP, Rules 8 – 9.)

As for mutuality, Plaintiff's objections have been considered and rejected as a basis to deny enforcement in published opinions in which Defendants (or related entities) were parties

and in which a similar, if not identical, version of the DRA/DRRP was challenged unsuccessfully. (*Casas v. CarMax Auto Superstores California, LLC.* (2014) 224 Cal.App.4th 1233, 1237 [unilateral modification provision of DRRP not unconscionable due to implied covenant and savings clause]; *Sanchez v. CarMax Auto Superstores California, LLC.* (2014) 224 Cal.App.4th 398, 403 ["we agree that the agreement is not unilateral"].) Indeed, it appears that nearly all of Plaintiff's substantive unconscionability arguments were made and rejected in *Sanchez, supra.* (*Id.*, at pp. 406 – 409.) While Plaintiff objects that Defendants have not established identity of language between the DRA/DRRP at issue here and in the published cases, Plaintiff does not proffer any significant distinction between the operative provisions. As published opinions, the holdings are *stare decisis* provided their facts are merely analogous, which they indisputably are.

As for costs, the Court does not interpret the subject provision as obligating Plaintiff to bear the costs of other, non-noticing parties' transcripts; the Court finds the plain meaning of the DRRP unambiguously imposes no costs on employees for arbitration that would run afoul of *Armendariz* requirements. To the extent Defendants were to insist otherwise, Rule 18 of the DRRP provides that any terms contrary to law may not be enforced, thereby permitting the arbitrator to reject imposition of such costs on Plaintiff. (See Ross Dec., Exh. A, DRRP, Rule 18.) In sum, the Court finds neither a significant nor pervasive degree of substantive or procedural unconscionability sufficient to deny enforcement of the DRA/DRRP.

Plaintiff's procedural objection to the Defendants' notice of motion is unpersuasive. Defendants' identified the precise orders being sought, *i.e.*, to compel arbitration and to stay the case pending completion, and it also adequately identifies the factual and legal grounds for doing so. This satisfies the statutory purpose. (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1278.) Plaintiff's own reference to Code of Civil Procedure sections 1281 and 1281.2 demonstrates that he understood the nature of and basis for the motion. (*Simonini v. Jay Dee Leather Products Co.* (1948) 85 Cal.App.2d 265 [motion fell within one of only two possible grounds]; *Shields v. Shields* (1942) 55 Cal.App.2d 579 [vague notice cured by accompanying affidavit and notice].)

Except as noted below, Defendants' Request for Judicial Notice is granted, but only as to facial matters and not as to the truth of any disputed factual issues. As to Defendants' Request for Judicial Notice (Exhibits 2 and 3), Plaintiff's objections 3 and 4 are sustained. As to Defendants' (Supplemental) Request for Judicial Notice (Exhibits 4 and 5), Plaintiff's objections 3, 4, 7 and 8 are sustained. Plaintiff's objections 3, 4, 7, 8, 11, 12, 15, 16, 19, 20, 23, 24, 27, 28, 32, 34, 38, and 40 to Defendants' Second Supplemental Request for Judicial Notice are sustained. All other objections to each Request for Judicial Notice are overruled. Plaintiff's evidentiary objections to the Defendants' declarations are also overruled.

**ORDER:**

Defendants' Motion to Compel Arbitration and for Stay of Judicial Proceedings is GRANTED. (Code Civ. Proc. §§ 1281.2, 1281.4.) The Class Allegations are DISMISSED.

Dated: 5/15/18

JOHN D. FREELAND
Judge of the Superior Court

PROOF OF SERVICE BY MAIL
[1013a(3) C.C.P.]

STATE OF CALIFORNIA )
                     ) SS
COUNTY OF STANISLAUS)

I am over the age of 18 years and employed by the Superior Court of the State of California, County of Stanislaus, and not a party to the within action.  I certify that I served a copy of the attached **STATEMENT OF DECISION ON DEFENDANTS CARMAX AUTO SUPERSTORES CALIFORNIA, LLC., AND CARMAX AUTO SUPERSTORES WEST COAST, INC.,'S MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS** by placing said copy in an envelope addressed to the following:

Shannon Seibert
SEIBERT BAUTISTA MONTOYA
22 Battery Street, Ste. 888
San Francisco, CA 94111

Jack Sholkoff
OGLETREE DEAKINS
400 South Hope Street, Ste. 1200
Los Angeles, CA 90071

Said envelope was then sealed and postage thereon fully prepaid, and thereafter was on May 15, 2018 deposited in the United States mail at Modesto, California. That there is delivery service by United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2018 at Modesto, California

                           SUPERIOR COURT OF THE STATE OF CALIFORNIA
                           IN AND FOR THE COUNTY OF STANISLAUS

                           By _____
                               Debbie Cerda, Deputy Clerk


RECEIVED MAY 18 2018 OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.